UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-37-1F

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v | ) | **ORDER** |
| | ) | |
| MICHAEL RAY WOODS, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's objection to conviction and sentencing on Counts 33 and 34 of the Superseding Indictment.

## I. Background

This order presumes familiarity with the lengthy pretrial history in this case. What is pertinent to the issues presently before the court is that on October 20, 2010, a grand jury returned a 34-count Superseding Indictment, alleging that Defendant, in the course of running a tax preparation business, repeatedly falsified information in tax returns to generate fraudulent refunds. The Superseding Indictment also alleged that Defendant used the names and social security numbers of individuals without their knowledge to create fake dependents on customers' tax returns. The Superseding Indictment charged Defendant with:

- Twelve counts of filing false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2) (Counts One through Twelve);
- Ten counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts Thirteen through Twenty-Two)
- Ten counts of identity theft in violation of 18 U.S.C. § 1028(a)(7) (Counts Twenty-Three through Thirty-Two); and
- Two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts Thirty-Three and Thirty-Four).

Superseding Indictment [DE-41]. After a trial, the jury found Defendant guilty of all thirty-four counts.

At the July 6, 2011, sentencing hearing in this matter, counsel for Defendant raised, for the first time,[1] an objection to Defendant being convicted and sentenced on Counts 33 and 34 of the Superseding Indictment on the ground that they were multiplicitous of Counts 24 and 29. Defense counsel argued the Fifth Amendment's prohibition against double jeopardy does not permit Defendant to be convicted and sentenced on all four counts. The court ordered briefing on the issue, and also heard arguments on the parties' written objections to the Presentencing Report ("PSR"). The court then continued the case until August 5, 2011, to allow the parties to brief the Fifth Amendment issue first raised by defense counsel at the July 6, 2011, hearing. That briefing is now complete.

## II. Discussion

Defendant contends that Count Twenty-Four of the Superseding Indictment is multiplicitous of Count Thirty-Three and Count Twenty-Nine is multiplicitous of Count Thirty-Four. He argues that his conviction and potential sentencing on all four counts violates the protection of the Double Jeopardy clause of the Fifth Amendment, and asks the court, in its discretion, to vacate his conviction on Counts Thirty-Three and Thirty-Four.

---

[1] Shortly after the grand jury returned the Superseding Indictment, Defense counsel moved to withdraw from representing Defendant based on Defendant's complete lack of communication with counsel. Defense counsel served as standby counsel to Defendant at the trial. On March 8, 2011, counsel filed a notice of appearance stating that he would represent Defendant for his sentencing.

## A. The Relevant Counts

Counts Twenty-Four and Twenty-Nine of the Superseding Indictment each charge Defendant with identify theft in violation of 18 U.S.C. § 1028(a)(7). Specifically, Count Twenty-Four alleges that on or about January 21, 2006, Defendant "did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person . . . with the intent to commit, and in connection with the wire fraud as set forth in Count Fourteen of the Superseding Indictment. Count Twenty-Nine, in turn, alleges that on or about January 15, 2007, Defendant "did knowingly transfer, possess and use, without lawful authority, a means of identification of another person . . . with the intent to commit, and in connection with" the wire fraud as set forth in Count Nineteen of the Superseding Indictment.

Counts Thirty-Three and Thirty-Four each charge Defendant with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. Count Thirty-Three alleges that on or about January 21, 2006, Defendant "did knowingly transfer, possess, and use, without lawful authority, a means of identification, during and in relation to the wire fraud violation alleged in count fourteen of the Superseding Indictment." Count Thirty-Four alleges that on or about January 15, 2007, Defendant "did knowingly transfer, possess, and use, without lawful authority, a means of identification, during and in relation to the wire fraud violation alleged in count nineteen of the Superseding Indictment."

## B. Double Jeopardy Analysis

The Double Jeopardy Clause of the Firth Amendment provides that no person shall "be subject for the same offense to be twice be put in jeopardy of life or limb." U.S. CONST. amend. V. Relevant to this case, the Double Jeopardy Clause protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977).

In determining whether the punishment of a defendant for conviction under two separate statutes violates the Double Jeopardy Clause, the first step is to determine whether Congress authorized cumulative punishment for both offenses. *United States v. Martin*, 523 F.3d 281, 290-91 (4th Cir. 2008). If Congress authorized cumulative punishments, then the court's inquiry ends and there is no Double Jeopardy problem. *Id.* at 290. If, however, there is no clear indication of congressional intent to impose cumulative punishments, then court must apply the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). Under *Blockburger*, the court must examine "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment." *United States v. Dixon*, 509 U.S. 688, 696 (1993).

The parties agree that there is no clear indication that Congress intended to authorize cumulative punishments for violations of both 18 U.S.C. § 1028(a)(7) and 18 U.S.C. § 1028A. *See also United States v. Bonilla*, 579 F.3d 1233, 1242 (11th Cir. 2009)(finding that neither § 1028(a)(7) or § 1028A "contains clear and unambiguous legislative language allowing cumulative convictions and punishments for the same act of the defendant"). Accordingly, the court must perform the *Blockburger* analysis as to § 1028(a)(7) and § 1028A, which starts with the statutory elements of each offense.

A person is guilty of identify theft in violation of § 1028(a)(7) if he (1) "knowingly transfers, possesses or uses"; (2) "without lawful authority"; (3) "a means of identification of another person"; (4) "with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law." 18 U.S.C. § 1028(a)(7); *Bonilla*, 579 F.3d at 1242. A person is guilty of aggravated identity

4

theft in violation of § 1028A if he (1) "knowingly transfers, possesses or uses"; (2) "without lawful authority"; (3) "a means of identification of another person"; (4) "during and in relation to any felony violation" enumerated in subsection (c). 18 U.S.C. § 1028A; *Bonilla*, 579 F.3d at 1242. The Eleventh Circuit Court of Appeals, in *Bonilla*, applied the *Blockburger* test to these statutory provisions and observed:

> Reviewing the statutory language, one offense does not require proof of an additional fact that the other does not. The first three elements of both offenses are identical. Although the last elements seem different at first glance, both statutes require an unlawful activity in violation of a law; § 1028A just narrows which violations of law trigger that statute. In other words, while *any* unlawful activity in violation of federal law triggers § 1028(a)(7), § 1028A(a)(1) requires the defendant commit an offense listed in § 1028A(c). Here, the predicate offense was access device fraud (§ 1029), a violation of both federal law and § 1028A(c). But regardless of the predicate offense, *any* conduct that would constitute a crime under § 1028A(a)(1) would *also* be a crime covered by the provisions of § 1028(a)(7). This is a clear example of one act violating two distinct statutory provisions and therefore violating the protection against double jeopardy.

579 F.3d at 1242-43. The Government in this case tries to distinguish *Bonilla* by arguing that the Eleventh Circuit failed to address the different language used in the statutes to describe the link that must exist between the use of the stolen identify and the underlying crime–i.e., "in connection with" as opposed to "during and in relation to." This court, however, does not perceive a material difference between the two phrases, and also finds the reasoning in *Bonilla* to be persuasive and correct. Accordingly, the court concludes that Congress did not intend Defendant's conduct to be punishable under both §§ 1028(a)(7) and 1028A, and that allowing the convictions under both statutes to stand violates the Double Jeopardy Clause.

## C. Remedy

Both Defendant and the Government recognize that in order to remedy the Double Jeopardy

5

violations, this court must dismiss one of the underlying convictions. *See Ball v. United States*, 470 U.S. 856, 864 (1985)("[T]he only remedy consistent with the congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions."). The matter of which of the underlying convictions to vacate rests within the court's discretion. *Id.*

The Government urges the court to vacate Defendant's convictions for Counts Fourteen and Nineteen. Because Defendant's convictions for Counts Fourteen and Nineteen are for wire fraud in violation of 18 U.S.C. § 1343, which do not, under the facts of this case, in any way implicate the protections of the Double Jeopardy Clause, the court can only assume that the Government actually means Defendant's convictions for identity theft in Counts Twenty-Four and Twenty-Nine. Defendant, for his part, argues that his convictions for aggravated identity theft in Counts Thirty-Three and Thirty-Four should be vacated. Defendant argues that the jury was erroneously instructed on Count Thirty-Four, in that the Superseding Indictment charges that he committed aggravated identity theft on or about January 15, 2007, but the jury was instructed to consider whether he committed aggravated identity theft on January 15, 2006.[2] Defendant also argues that dismissing Counts Thirty-Three and Thirty-Four allows the court to fashion a reasonable sentence within the strictures of 18 U.S.C. § 3553.

The court, in exercising its sound discretion, VACATES Defendant's convictions for **Counts Twenty-Four and Thirty-Four.** The court finds that vacating the convictions for aggravated

---

[2] The Government interpreted Defendant's argument regarding the erroneous jury instruction as its own motion and filed, without leave of court, a response thereto contending that any argument regarding the jury instruction can only be addressed on appeal.

identity theft in Count Thirty-Four and identity theft in Count Twenty-Four allows the court to fashion a reasonable sentence that achieves the goals of 18 U.S.C. § 3553(a).

### III. Conclusion

For the foregoing reasons, and in the exercise of the court's discretion, Defendant's convictions for **Counts Twenty-Four and Thirty-Four** of the Superseding Indictment [DE-41] are **VACATED**. Although the court realizes that Defendant's Objection to Paragraph 41 of the PSR was allowed, the court may revisit this objection in light of the Government's Response [DE-95] to Defendant's Motion to Dismiss Count 34 which provides additional evidence as to whether Defendant may have abused a position of trust. Both parties should be prepared address this issue when Defendant's sentencing hearing resumes on August 5, 2011.

SO ORDERED.

This the 3rd day of August, 2011.

*/s/ James C. Fox*
James C. Fox
Senior United States District Judge

7